MOSS ET AL., APPELLEES, *v.* NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLANT.

(No. 84AP-678—Decided May 16, 1985.)

*Matan & Smith* and *James D. Colner,* for appellees.

*Crabbe, Brown, Jones, Potts & Schmidt, William H. Jones* and *William W. Johnston,* for appellant.

REILLY, P.J. This is an appeal of defendant, Nationwide Mutual Insurance Company ("Nationwide"), from the judgment for plaintiffs for $42,000 due under a fire insurance policy, $20,000 punitive damages for bad faith, and $5,500 for attorney fees.

Nationwide asserts eight assignments of error, as follows:

"1. The trial court erred in its charge to the jury by instructing the jury, over appellant's objections, that appellant must prove the affirmative defense of arson by showing four (4) elements instead of the required three.

"2. The trial court erred in denying appellant's counsel the opportunity to present polygraph evidence in response to appellees' bad faith claim.

"3. The trial court erred by permitting appellees' counsel to inquire regarding the lack of criminal prosecution for arson against appellees by the appropriate law enforcement officials.

"4. The trial court erred in denying appellant's motion for directed verdict based upon the material misrepresentation of Sheila Moss.

"5. The trial court erred in its charge to the jury by instructing them on the innocent spouse doctrine.

"6. The trial court erred by denying appellant's motion for a new trial on the grounds of newly discovered evidence.

"7. The trial court erred by refusing to grant appellant's motion for a verdict on the bad faith claim.

"8. The trial court erred in denying appellant's motion for judgment notwithstanding the verdict on the grounds that the jury's decision was against the manifest weight of the evidence."

Plaintiffs' home and its contents were damaged by fire on June 17, 1981. At the time the fire was discovered, plaintiff Sheila Moss was away from home and plaintiff Robert Moss was working in a detached garage at the residence. Approximately twenty minutes before the fire was discovered by neighbors, Robert Moss had entered the home, but had not seen any indication of a fire.

Subsequently, the fire department arson investigator informed Nationwide that the fire was of suspicious origin. Following its own investigation, defendant determined to deny the claim as being the result of arson by the insured. Plaintiffs sued for breach of contract as well as bad faith, and defendant asserted the affirmative defenses of arson and material misrepresentation by plaintiffs in presenting their claim.

The jury returned a verdict for plaintiffs. Motions for judgment notwithstanding the verdict and a new trial based upon newly discovered evidence were overruled, and judgment was entered for plaintiffs.

Defendant's first assignment of error alleges that the trial court's instruction to the jury on the defense of arson misstated the law by adding an additional element to the defense, thereby rendering it impossible for Nationwide to carry its burden of proof on the defense. This assignment of error is well-taken.

The pertinent part of the trial court court's charge reads:

"[THE COURT:] Arson is an affirmative defense alleged by defendant to avoid the policy and must be established by proof by the preponderance of the evidence that the insured plaintiff, Robert Moss, participated in the burning of the property to obtain the insurance proceeds, either by personally setting the fire or having someone else set it for him.

"There are three basic elements to arson: Fire of incendiary origin, motive on the part of the insured and opportunity of the insured to cause the fire.

"If you find that the defendant, Nationwide, has failed to prove by a preponderance of the evidence the three elements *and that Robert Moss caused the fire,* then you must find in favor of the plaintiffs' breach of contract claim unless defendant has properly established its other affirmative defense of fraud." (Emphasis added.)

While the "three basic elements" of the defense of arson, noted by the trial court, are properly part of the jury's consideration, the addition of the fourth element, "that Robert Moss caused the fire," was error. The gist of the defense of arson is that the insured set the fire, either personally or through an agent, and the defense is established by proof of the three elements by a preponderance of the evidence. *Caserta* v. *Allstate Ins. Co.* (1983), 14 Ohio App. 3d 167. Such elements can be proved by circumstantial evidence. The effect of the extra element in the charge was to impose a greater burden of proof on defendant, and was misleading to the jury.

Thus, the first assignment of error is well-taken and is sustained.

Nationwide's second assignment of error challenges the trial court's exclusion of testimony regarding the outcome of a polygraph test administered to Robert Moss. Defendant had sought to elicit testimony that Moss' answers to certain questions had been deceptive, not as proof that he committed the arson, but instead as a basis upon which Nationwide rejected plaintiffs' claim, offered in order to counter plaintiffs' assertion of bad faith. The testimony was excluded through the trial court's granting of a pretial motion *in limine,* and the evidence was proffered for the record at a later point in the trial.

As this court noted in *Caserta, supra,* at 170, the purpose of a motion *in limine* is to prevent reference to a subject which appears at the outset to be improper, until such time as the admissibility of such evidence can be determined from the context of the case. An order *in limine* is interlocutory in nature, and is subject to change if the evidence adduced at trial properly raises the issue. *Id.; Riverside Methodist Hosp. Assn.* v. *Guthrie* (1982), 3 Ohio App. 3d 308, 310; *State* v. *Spahr* (1976), 47 Ohio App. 2d 221 [1 O.O.3d 289].

This case does not involve the question of whether and under what circumstances the results of a polygraph test are admissible as bearing on the issue whether Robert Moss committed the arson. Rather, the question presented is whether such evidence is admissible on the issue of whether defendant had a valid basis for rejecting plaintiffs' claim and, if the evidence is so admissible, whether its probative value is outweighed by the possibility of confusion of the issues.

Plaintiffs argued, successfully, in support of their motion *in limine* that evidence of a polygraph test is absolutely inadmissible absent the stipulation and other conditions discussed in *State* v. *Souel* (1978), 53 Ohio St. 2d 123 [7 O.O.3d 207]. However, *Souel* was decided in a criminal context and, despite plaintiffs' argument that it should extend to civil cases as well, *Souel* is not controlling or persuasive in the present case, considering that the test results were not offered as bearing on Robert Moss' guilt or innocence of the arson.

The better rule of law, and the one adopted herein, is that where an insured claims bad faith and the lack of a basis for rejecting coverage by an insurer, the results of a polygraph examination of the insured, taken with his consent, are admissible with the proper cautionary instruction as proof of a basis to reject coverage. See, *e.g., Moskos* v. *Natl. Ben Franklin Ins. Co.* (1978), 60 Ill. App. 3d 130, 134, 376 N.E. 2d 388, 391.

Plaintiffs argued that defendant intended to reject coverage from the outset, and did so without any reasonable basis. The fact that Robert Moss' answers to questions about the fire were found to be deceptive by the

examiner had a bearing on the issue of whether defendant had a reasonable basis to reject coverage, and such probative value outweighed any possibility of prejudice or confusion. The jury should have been allowed to consider this fact, with a proper cautionary instruction. Therefore, it was error for the trial court to determine at the outset of trial that this evidence was inadmissible, and to fail to leave the door open to later reconsideration as the trial progressed.

The second assignment of error is also well-taken and is sustained.

Nationwide's third assignment of error disputes the trial court's ruling, on defendant's motion *in limine*, that plaintiffs would not be precluded from offering testimony that they had not been questioned or charged with arson by law enforcement authorities. The testimony was subsequently elicited, without objection at that time by defendant.

As this court stated in *Caserta, supra,* at 170:

"* * * [E]ven if the trial court overrules a motion *in limine* under circumstances where it should have been sustained because of the prejudice inherent in merely asking an inadmissible question prior to admissibility being determined, there is no prejudice arising from such error or abuse of discretion unless the improper question is actually asked and an objection interposed at that time. * * *"

Defendant failed to object to the testimony concerning criminal proceedings at any point at which it was offered. The rule announced in *Caserta,* quoted above, is but an extension of the well-established rule of appellate review that a party will not be heard to complain of an error in the admission of evidence unless he objected at a point in the trial where the trial court could correct any such error. As defendant failed to object to the line of questioning challenged in this assignment of error, there was not prejudicial error.

Therefore, the third assignment of error is not well-taken and is overruled.

In Nationwide's fourth assignment of error, it argues that the trial court erred in failing to direct a verdict in its favor on the basis of plaintiffs' misrepresentation of the value and age of certain items lost in the fire. Defendant asserts that Sheila Moss admitted to having misstated these facts on the first unsworn statement of loss, and further admitted that even the second sworn statement was incorrect both as to the value of certain items and as to items actually lost in the fire.

Civ. R. 50(A)(4), pertaining to a motion for a directed verdict, provides:

"* * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

When such a motion is made, the court is not to weigh the evidence or determine matters of credibility. If the court finds substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might differ, the motion must be denied. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 284-285 [21 O.O.3d 177].

Defendant contends that the misrepresentations of value of the contents made by plaintiffs invalidates the policy according to its terms. The applicable provision of the policy states:

"* * * This entire policy shall be void, if either before or after a loss, the Insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the

Insured therein, or in the case of any fraud or false swearing by the Insured relating thereto."

Hence, to prevail on its motion, defendant had to establish that reasonable minds could only conclude that plaintiffs wilfully misrepresented a material fact.

Construing the testimony most strongly in favor of plaintiffs, reasonable minds could differ as to whether plaintiffs wilfully misrepresented a material fact. Sheila Moss testified that, while some of the values and ages of the items were misstated, such mistakes were inadvertent and she tried to correct them at a later date. Moreover, the testimony indicates that plaintiffs were somewhat confused by instructions given by an agent of defendant relative to the submission of the inventory. Finally, Sheila Moss testified that she had purchased some items with lottery winnings, thereby conceivably explaining a discrepancy between income and expenditures for the relevant period. It was not the province of the trial court, however, to determine the credibility of this testimony upon defendant's motion for a directed verdict.

Thus, defendant's fourth assignment of error is not well-taken and is overruled.

Nationwide's fifth assignment of error questions the trial court's charge to the jury on the "innocent spouse doctrine." The court charged the jury that, if it should find that only one spouse was guilty of misconduct, whether it be arson by Robert Moss or material misrepresentation by Sheila, and that the other spouse was innocent, the innocent spouse could recover his or her share of the loss notwithstanding the wrongdoing of the other.

Since the jury returned a verdict for both plaintiffs, thereby finding no arson or material misrepresentation, defendant was not prejudiced by this instruction. The jury clearly did not apply the innocent spouse doctrine. Where it is definite from the record that a challenged instruction to the jury did not result in prejudice to the complaining party, there is not reversible error by the trial court. *Haas* v. *Kundtz* (1916), 94 Ohio St. 238, paragraph two of the syllabus.

Therefore, the fifth assignment of error is not well-taken and is overruled.

Nationwide's sixth assignment of error challenges the trial court's failure to grant a new trial on the basis of newly discovered evidence. Defendant sought a new trial after the entry of judgment herein because the Ohio Lottery Commission records indicated that Sheila Moss had never won more than $599 at any one time in the lottery. This "newly discovered evidence," presented in the form of an affidavit of an employee of the lottery commission, was evidently offered to refute Sheila's testimony that the difference between plaintiffs' expenditure and earned income was attributable to lottery winnings.

The Supreme Court stated the elements necessary for the granting of a new trial based upon newly discovered evidence in the third paragraph of the syllabus in *Sheen* v. *Kubiac* (1936), 131 Ohio St. 52 [5 O.O. 365], as follows:

"To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence." See, also, *Wagner* v. *Smith* (1982), 8 Ohio App. 3d 90, 95.

In this case, the evidence that Sheila Moss had never received a lottery prize which exceeded $599 was merely im-

peachment-type evidence. As such, it will not support the granting of a new trial. Moreover, since it is conceivable that she frequently won prizes less than the reported level, which could have totalled to a significant amount, the new evidence is not such as would probably change the result in a new trial.

Accordingly, the sixth assignment of error is not well-taken and is overruled.

Nationwide's seventh assignment of error involves the trial court's submission of the bad faith claim to the jury over its motion for a directed verdict, and the court's subsequent overruling of its motion for judgment notwithstanding the verdict. Defendant argues that plaintiffs presented no probative evidence on the issue of bad faith, and that it was therefore error for the court to allow the jury to speculate on this claim.

Plaintiffs' cause of action in this regard is based upon the fiduciary duty of defendant to act in good faith toward its policyholders. It is clear that not every failure to settle a claim will support an action for bad faith. Rather, the insured must demonstrate that such failure to settle was done in bad faith, that is, with a dishonest purpose, an ulterior motive or ill will. See, *e.g.*, *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 276; *Slater* v. *Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, paragraph two of the syllabus [21 O.O.2d 420]. Moreover, to support an award of punitive damages, the insurer must be guilty of oppression, fraud or malice. *Hoskins, supra,* at 278.

Plaintiffs' proof on this issue consisted of evidence which allegedly showed that defendant chose from the outset to deny plaintiffs' claim, due to arson or fraud, and that defendant totally disregarded any evidence which tended to negate either of these defenses. Plaintiffs submitted internal Nationwide documents prepared the day after the fire declaring the fire to be of incendiary nature, and argued that defendant then went about proving arson, ignoring the evidence tending to prove that the fire was accidental or that plaintiffs had no motive to set the fire. Plaintiffs also offered documents which indicated that employees of defendant felt that, if arson could not be proved, the claim could easily be defeated on the basis of fraud. Plaintiffs argued in this regard that defendant disregarded its own procedures in attempting to obtain false, sworn statements about the fire loss.

None of the evidence offered by plaintiffs was probative of bad faith on the part of defendant, however, as that concept has been defined by the Supreme Court. *Hoskins, supra; Slater, supra.* The evidence is indicative only of the results of the investigations conducted by the various employees and agents of Nationwide and, in some instances, the opinions of those employees of what their investigations revealed. There is no probative evidence that defendant bore any malice or ill will toward plaintiffs and, consequently, it was error to submit this issue to the jury.

Consequently, the seventh assignment of error is well-taken and is sustained.

Finally, defendant's eighth assignment of error, contending that the trial court erred in failing to grant its motion for judgment notwithstanding the verdict on its affirmative defense of fraud, is not well-taken. As noted above in relation to the fourth assignment of error, reasonable minds could differ on whether plaintiffs wilfully misrepresented the value and age of items claimed to have been lost in the fire. There was sufficient evidence presented to the jury upon which it could have concluded that Nationwide failed to prove a misrepresentation such as would void the policy, hence, the trial court proper-

ly declined to disturb the verdict. See, *e.g., Posin* v. *A. B. C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 275 [74 O.O.2d 427].

Thus, the eighth assignment of error is not well-taken and is overruled.

For the foregoing reasons, the first, second and seventh assignments of error are sustained, and the third, fourth, fifth, sixth and eighth assignments of error are overruled. The judgment of the trial court is reversed, and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

MOYER and NORRIS, JJ., concur.