OPINION
{¶ 1} Appellant, Grange Mutual Casualty Company (hereinafter "Grange") appeals the judgment of the Marion County Court of Common Pleas following a jury verdict in favor of Hazelwood.
 {¶ 2} In early October 2001, Hazelwood's home, located in Marion County, Ohio was severely damaged by fire. Believing the fire was incendiary in nature, Hazelwood's insurer, Grange, denied the insurance claim. As a result, Hazelwood filed suit against Grange in the Marion County Court of Common Pleas in order to recover the insurance proceeds she felt was due to her.
 {¶ 3} The amount of monetary damage caused by the fire was agreed upon by the parties; therefore the trial was held in order for Grange to prove the affirmative defense of civil arson because Grange believed that Hazelwood was responsible for the fire. At trial, Grange presented evidence that Hazelwood was facing financial troubles at the time of the fire. Testimony showed that her debt, not including the mortgage, was approximately $3200, which was supported by the fact that Hazelwood's electricity was shut off for non-payment. Furthermore, in August of 2001, Grange cancelled Hazelwood's home insurance coverage for non-payment, but Hazelwood renewed her policy one day prior to the fire. In her defense, Hazelwood testified that during the fire, she was asleep at her mother's house, which is next door to her home.
 {¶ 4} During the course of the trial, Grange twice moved for a mistrial citing misconduct by Hazelwood's attorney. At the close of the trial, the case was submitted to the jury. Grange objected to certain language in the jury instructions, but the trial court overruled the objections. The case was submitted and the jury found in favor of Hazelwood. Grange appeals asserting two assignments of error.
 Assignments of Error The trial court erred by incorrectly instructing the jury on theelements of proof for the affirmative defense of civil arson andoverruling defendant-appellant's timely objections to the same.
 The trial court erred by overruling defendant-appellant's motions formistrial based on the prejudicial misconduct of plaintiff-appellee'scounsel and for failing to correct or otherwise control the same.
 The Affirmative Defense of Civil Arson {¶ 5} Appellant's first assignment of error alleges that the trial court's instruction to the jury on the elements of civil arson misstated the law by adding an additional element, thereby rendering it impossible for Grange to carry its burden of proof on the affirmative defense. In order to prove arson as an affirmative defense in a civil action, this court has previously recognized the standard established in Caserta v.Allstate Insurance Company (1983), 14 Ohio App.3d 167, 168,470 N.E.2d 430; see also Rowe v. Grange Mutual Casualty Company (Feb. 14, 1992), Hardin App. No. 6-91-6, unreported. In Caserta, the Franklin County Court of Appeals described the civil arson defense in the following terms:
Although there is a dearth of Ohio authority upon the issue, cases from other jurisdictions generally hold that arson is an affirmative defense to be established by proof by a preponderance of the evidence that the insured participated in the burning of the property to obtain insurance proceeds either by personally setting the fire or having someone else set it for him. Such may be proved by circumstantial evidence showing that the fire was of incendiary origin, that the insured has a motive to burn the property to obtain the insurance proceeds and that the insured had the opportunity to participate in the arson; however, almost all the cases indicate that mere proof of incendiary origin and motive is insufficient.
Caserta, 14 Ohio App.3d at 171.
 {¶ 6} In the instant case, the trial judge instructed the jury as follows:
Where an insured seeks to recover on a fire insurance policy and the insured claims arson, the defense of arson is an affirmative defense, and the Defendant has the burden of proof on the affirmative defense. To be successful on the defense of arson, the Defendant, Grange, must prove by a preponderance of the evidence that the insured, Laura Hazelwood, participated in the burning of the property to obtain the insurance proceeds either by personally setting the fire or having someone else set it for her.
In determining whether the Plaintiff participated in the burning of the property, by personally setting the fire or having someone else set it for her, the jury may consider:
A. whether the fire was incendiary in origin, which means that the fire was intentionally set by human hands;
B. whether Laura Hazelwood had a motive for causing her own property to burn, either in order to collect insurance or for some other personal gain; and
C. whether Laura Hazelwood had an opportunity to set the fire or have someone else set the fire on her behalf.
These matters may be proven by circumstantial evidence, as well as by direct evidence.
If you find by a preponderance of the evidence that Grange Mutual Casualty Company has proven these three elements and if you find thatLaura Hazelwood committed arson or had someone else do it for her, thenshe would not be entitled to recover from Grange
Trial Tr. At pp. 425-426. (Emphasis added.)
 {¶ 7} Grange claims the italicized portion of the above instruction, "and if you find that Laura Hazelwood committed arson or had someone else do it for her" is erroneous because it creates an "additional element" to the civil arson defense beyond the three circumstantial elements discussed in Caserta, supra. In making this claim, Grange seems to argue that upon the jury merely finding incendiary origin, motive and opportunity, the defense is conclusively established, without the jury having ever made the actual determination that the plaintiff participated in the fire — and, in fact, it is reversible error for the trial court to instruct them to do so.[1] We disagree.
 {¶ 8} As set forth earlier, Caserta establishes at the outset that the very thing to be proved in the arson defense is "that the insured participated in the burning of the property to obtain the insurance proceeds either by personally setting the fire or having someone else set it for him." Id. at 171. We fail to see how the fact that the Caserta
court goes on to suggest three elements of proof which could combine to circumstantially allow the jury to conclude that the insured committed the arson, would somehow eliminate the need for the jury to still conclude that the insured committed the arson or had it done. Moreover, we would further observe that if a showing of financial difficulty and the opportunity were all that was required in a case of incendiary origin, it would be hard to envision a circumstance where the arson defense could not be established against a policy holder.
 {¶ 9} Accordingly, we would categorically reject the notion that incendiary origin, motive and opportunity are alone sufficient to conclusively establish the plaintiff's participation in the arson without the jury making that ultimate determination. Because the trial court in this instance followed the law as reflected in the Caserta decision, we find no error in the jury instruction before us and the appellant's first assignment of error is without merit.
 Motion for a Mistrial {¶ 10} In this assignment of error, Grange asserts that the trial court erred by failing to correct the alleged prejudicial actions of Hazelwood's counsel and granting Grange a new trial. Specifically, Grange contends that Hazelwood's counsel (1) used improper remarks during cross examination and (2) made inappropriate nonverbal gestures in an attempt to damage the credibility of a Grange witness. Regarding the alleged improper remarks during the cross examination of a Grange special investigator, the record states:
Q. So anybody has significant equity in their house, okay? According to your rationale now, has a motive to get the money?
A. If they were financially — if they, uh, are — if there was a financial motive, yes, it is one way to get out of financial debt.
Q. Now, when Grange issued this policy, do they ask, if you know, do they ask for a financial statement?
A. I do not know.
Q. You have Grange insurance?
A. No, I do not.
Q. Good.
[Grange's counsel]: I'm going to object and move for mistrial. That is improper. Absolutely improper.
[Hazelwood's counsel]: Right.
[Grange's counsel]: Absolutely improper.
The court: Overruled.
Trial Tr. at p. 186. Moreover, on the issue of alleged inappropriate nonverbal gestures, the record indicates:
[Grange's counsel]: And can the Court instruct [Hazelwood's counsel] to refrain from giving nonverbal indications that he doesn't believe a witness. It's improper for counsel to give their opinion about believability.
The court: I would agree with that. I have not seen such conduct because my monitor is between me and [Hazelwood's counsel].
[Grange's counsel]: Right.
The court: If such things have happened, I would instruct [Hazelwood's counsel] to refrain from reacting to answers of a witness. Personal opinions of a witness is improper. [Hazelwood's counsel]: Really, if I'm doing that, I'm not aware of. If I am doing that, let me know. I don't mean to. I apologize.
The court: I know he has demonstrated some frustration and, frankly, I don't blame him. Your witness repeatedly failed and refused to give immediate responsive answers, preferring instead, to try and justify his results rather than just responding to a question. Many of those questions could have been answered yes or no, but he wanted to [sic] lengthy responses that were not responsive to the question.
[Grange's counsel]: That said, still lawyers can't say in front of the jury I don't believe this guy by his nonverbal communication.
The court: I agreed with you.
[Grange's counsel]: It happened. It happened in this Courtroom. The jurors saw it. I object. I ask for a mistrial on that basis.
The court: I can't say that I saw it because of the monitor — [Grange's counsel]: Right.
The court: — being between me and the counsel.
Id. at p. 192-93. In response the nonverbal allegations, the trial court, in its jury instructions, stated:
You are further instructed that if either attorney has indicated his personal opinion as to the credibility of a witness, in any way, such as by a comment or a reaction to a question or the answer to a question, you are disregard those opinions of counsel. Upon you alone rests the duty and the authority to determine the credibility of witnesses, and the weight to be given to their testimony.
Id. at 422.
 {¶ 11} The decision to grant or deny a motion for a mistrial is within the sound discretion of the trial court. State v. Garner (1995),74 Ohio St.3d 49, 59, 656 N.E.2d 623. In reviewing such a decision in a civil action, an appellate court may not substitute its judgment for that of the trial court absent an abuse of that discretion. Tracy v. MerrellDow Pharmaceuticals (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875. "Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 12} After reviewing the record, we do not find an abuse of discretion by the trial court in denying Grange's motion for a mistrial. First, while Hazelwood's attorney did use the word "good" following a question regarding whether the witness uses Grange insurance, the record indicates that this was an isolated incident that could be construed to mean several different connotations. Moreover, the cross examination, taken as a whole, does not indicate that Hazelwood's attorney was, at any time, being abusive, disrespectful, or condescending to the witness. Second, turning to the issue of nonverbal gestures, the record does not indicate whether Hazelwood's attorney was actually performing the nonverbal reactions that Grange suggested. The record is clear that the trial judge did not see any of the alleged reactions, and, perhaps more importantly, even assuming there were unfavorable nonverbal reactions, the trial judge did admonish the jury to disregard all attorney reactions and comments in his final instructions. Accordingly, we cannot conclude that the trial court's decision to deny the motion for a mistrial was unreasonable, arbitrary, or unconscionable, and the second assignment of error is overruled.
Judgment Affirmed.
 Cupp, P.J. and Bryant, J., concur.
[1] We note that Grange's argument appears to rest on a questionable passage from another Franklin County Court of Appeals decision in Moss v.Nationwide Mutual Insurance Company (1985), 24 Ohio App.3d 145,493 N.E.2d 969. However, the challenged instruction in Moss was significantly different than the instruction in the case before us because it was stated in the negative, and was probably erroneous on its face for creating the implication that the defendant Nationwide must failto prove all the elements of the arson defense rather than any one, before the plaintiff could prevail:
If you find that the defendant, Nationwide, has failed to prove by a preponderance of the evidence the three elements [incendiary origin, motive on the part of the insured and opportunity of the insured to cause the fire] and that Robert Moss caused the fire, then you must find in favor of the plaintiff's breach of contract claim * * *
However, citing the Caserta decision, the Moss court then inexplicably ruled that the instruction was erroneous because it created an additional element "that Robert Moss caused the fire" the effect of which was "to impose a greater burden of proof on defendant, and was misleading to the jury." Id. at 146-147.
Upon careful reading, we are not convinced the court in Moss properly construed the language of the instruction before it. Nor are we persuaded that the Moss court properly invoked or construed the Caserta decision in deciding that issue. Moreover, we note that Moss was also reversed on the basis of two additional and significant trial errors in an opinion that ultimately sustained three of eight assignments of error. Id. at 151. As a result, we are not persuaded that the Moss decision provides authoritative support for Grange's argument in this case or is necessarily in conflict with our decision today.