THE STATE OF OHIO, APPELLANT, *v.* SPAHR, APPELLEE.

[Cite as State v. Spahr (1976), 47 Ohio App. 2d 221.]

(No. 75-CA-9—Decided February 4, 1976.)

*Mr. Scott E. Jarvis,* for appellant.
*Mr. Alfred J. Weisbrod,* for appellee.

McBRIDE, J. A motion was filed to suppress the introduction of marijuana, obtained in Shelby and Darke county, into evidence. Also filed was a "motion *in limine,*" requesting an order of the court, instructing the prosecutor to refrain from mentioning before the jury the marijuana found in Darke County and a statement made by the defendant without first obtaining permission from the court outside the presence and hearing of the jury.

On the motion to suppress, the court ruled that if the substances sought to be suppressed were material to this case, the motion to suppress was denied. On the motion for an order instructing the prosecutor to refrain from any mention, in the presence of the jury, of evidence or a statement relating to marijuana found in Darke County, the court held the following:

"[This court] sustains said motion and orders the Prosecuting Attorney to not use any evidence concerning any marijuana that was obtained in Darke County, Ohio and that is not a part of this case that we are trying here today.

"Said Prosecutor is to instruct his representatives and witnesses to refrain from making any references to the marijuana obtained in Darke County."

Before the jury was impaneled, the ruling on the second motion was discussed on the record. The prosecutor accepted the decision as an order prohibiting any reference to the marijuana found outside of Shelby County. He indicated that it came into the case only by reason of a statement given by the defendant. This statement he desired to use because of an admission of sales, an admission of possession, and evidence of purchase and sale price.

If the ruling covered the use of the statement at trial, continued the prosecutor, then it was the intention of the state to appeal the ruling under Criminal Rule 12(J), because the evidential ruling jeopardized the state's case. He stated as his reasons for appeal: (1) The motion was not timely and (2) the holding that the evidence was not material and relevant was in error.

The defense argued that the introduction of evidence found in Darke County was irrelevant, improper and prejudicial. The record indicates proposed testimony of a sale in Shelby County after which the defendant removed that portion from eighteen and a half pounds and took the remainder to Darke County where it was obtained by the police. The statement, which was not suppressed, contained admissions of sale and the location of the balance in Darke County.

The court ruled that these matters would be highly prejudicial to the defendant and stated that the decision of the court remained the same. The marijuana found in Shelby County would be admitted, but the other found in Darke County would go into outside matters not involved in the trial. The prosecution then announced a purpose of taking an appeal on the ruling.

It is clear the ruling covered the marijuana recovered outside Shelby County. It is not clear whether it included all

or part of the statement of the defendant; however, it is fair to assume that such portion of the statement as mentioned the marijuana in Darke County would not be permitted to be introduced at trial.

The motion to suppress had been overruled. The motion to instruct the prosecutor not to mention the references to the Darke County marijuana before the jury until a ruling was obtained was sustained. From this point, which was the sole purpose of the second motion, the court proceeded beyond the motion and issued a prospective ruling that the subject matter was irrelevant and prejudicial, and could not be admitted as evidence at trial.

The prosecutor assigns two grounds for error. The first, that the liminal motion was not timely filed under Criminal Rule 12(C), is denied for two reasons: the court did in the interest of justice act upon the motion within the purpose of a delayed motion under the rule; the nature of the motion is such that it cannot be considered a pretrial request. Motions relating to the materiality and relevance of evidence may be made at any time during trial.

The second assignment is that the ruling of the court was in error because the statement was material and relevant. While the state adopts the language of suppression, it is clear that such was not the situation. The court had held on the motion to suppress that the evidence was not illegal and overruled it. On the second motion, the court did not expressly sustain it as a so-called motion *in limine;* it proceeded directly to the problem and held the subject matter irrelevant and improper, making a prospective ruling in advance of the introduction of trial evidence.

Such a ruling lies within the discretion of the court in the conduct of the trial. The discretion to affirm or reverse its own evidential ruling remains with the judge until the conclusion of the trial. The materiality of testimony often depends upon a proper foundation or other circumstances which determine its admissibility. An evidential ruling, prospective or otherwise, is never final until the trial is completed and every avenue of admission has been explored and denied.

In view of the dusty label used by the defense in de-

scribing its motion it may be helpful to examine what was intended by the motion *in limine* even though its purpose was clearly spelled out as a request for a precautionary instruction and not one for a pre-trial ruling on admissibility. The ancient rhetoric suggests a common law background. We are confident that given ample time a scholarly excursion in antiquity would prove interesting. However, it would serve no purpose other than to assist in understanding what it is the defense requested and that is spelled out in plain and simple English.

The expression *in limine* appears to be generic language applicable to a multitude of situations. In *Southern Pacific R. R. Co.* v. *United States* (1906), 200 U. S. 341, 352, the court indicates that a jurisdictional objection should be made *in limine* and not after pleadings have been perfected. Dictionaries provide various applications, none of which relate directly to its use as a procedural device before the introduction of evidence. We are confident that industrious research would yield a record of its presence in former times on consideration of evidential objections.

There is no provision under the rules or the statutes for a motion *in limine*. The request was no more and no less than an appeal to the trial court for a precautionary instruction to opposing counsel to avoid error or prejudice, such instruction to be effective until admissibility was resolved. Such a request lies in the inherent power and discretion of the trial judge to control the proceedings.

There are situations in which counsel requests the court to limit the examination by opposing counsel in a specific area until the admissibility of the subject matter is resolved by the court. Such a request for a precautionary order prior to the mention or introduction of specific facts is designed to avoid error and prejudice in event the testimony later proves to be improper or irrelevant. The liminal nature of the order is not initially a ruling on admissibility but a request to insure a ruling prior to the moment of its submission to the jury. A liminal motion presents a threshold question as to the propriety of evidence that may be so detrimental that it would be impossible to remove it from the minds of the jury if it is offered in the courtroom

and an objection is sustained. The thrust of a liminal motion is to avoid error by alerting the court and counsel and by removing a discussion of the subject from the presence of the jury until an appropriate time or times during the trial when the court makes a ruling on its admissibility.

A handy dictionary points out that the adjective liminal has its origin in latin and pertains to the beginning, threshold, inception, entrance or introduction. In French, *liminare* refers to a prologue serving as a preface to a book. Liminal has been appropriately adopted in psychiatry as representing the early stages in perception before the stimulus attains sufficient intensity to create any appreciable results. This meaning applies to any presentation, oral or written. It has been said that the liminal outline or foundation of any exposition is important to the development and comprehension of any theme.

In the trial of a case, a liminal motion suggests a problem or difficulty at the outset that cannot be avoided without disastrous consequences and it suggests a two fold solution: first, an avoidance of reference at trial until the problem is solved and, second, a prior ruling at the appropriate time before the subject is mentioned or introduced into evidence. Such a request at trial is infrequent though not unusual and is directed exclusively to the discretionary power of the court to supervise the conduct of the trial. A jury trial would never be completed if many questions were subjected to liminal review before presentation to the jury. For this reason, a liminal motion is rare and is reserved for serious problems of admissibility that relate to subjects so highly prejudicial that they could not be removed by an instruction to disregard.

Viewed in this light, a decision on the first stage of a liminal motion decides nothing and resolves nothing. As an order to avoid reference to the subject matter, it is no more than an assurance by the trial judge that the movant will have an opportunity to obtain a ruling on admissibility before the specific evidence objected to is mentioned before the jury or offered in the record. The first stage is exclusively precautionary. This was the extent of the defendant's motion in the instant case.

By its very nature, a liminal motion cannot be made until counsel becomes aware of the objectionable material sought to be introduced. The motion may be made during trial; however, there is no reason why the discretion of the court cannot be approached before trial.

The second stage involves the ruling of the court on the admissibility of the evidence prior to the time it is mentioned and submitted to the jury. Other than the timeliness or anticipatory nature of the ruling, it is no different than any other decision on an objection. As with so many evidential questions, a ruling depends upon other testimony and often cannot be made until the trial is in progress. Also, as in the instant case, an evidential ruling remains within the authority of the court and may be changed or reversed at any time as the trial proceeds. If, after an objection has been sustained, opposing counsel presents a foundation for the rejected evidence or discovers some better law, he may request reconsideration of the ruling. There is no finality to the action of the court on a liminal motion or on other evidential rulings until the trial is completed and reduced to a final judgment.

The ruling from which the appeal was taken is not final and not subject to appeal unless it can qualify under Criminal Rule 12(J), which provides:

"The state may take an appeal as of right from the granting of a motion for the return of seized property, or from the granting of a motion to suppress evidence, if * * *."

In the instant case, the motion to suppress was overruled. Criminal Rule 12(J) does not permit an appeal from any other evidential or discretionary ruling of the trial court until there is a final order. Since the order appealed from is subject to the continuing jurisdiction of the trial court and not subject to appeal, the within case is dismissed.

*Appeal dismissed.*

KERNS, P. J., and SHERER, J., concur.