The STATE of Ohio, Appellee,

v.

GABEL, Appellant.

[Cite as *State v. Gabel* (1991), 75 Ohio App.3d 675.]

Court of Appeals of Ohio,
Sandusky County.

No. S–90–1.

Decided Aug. 22, 1991.

*John E. Meyers,* Prosecuting Attorney, for appellee.

*John L. Zinkand,* for appellant.

*Per Curiam.*

On December 21, 1990, this court issued a decision and journal entry remanding this case to the Sandusky County Court of Common Pleas. On December 28, 1990, the state of Ohio, appellee, filed an application for reconsideration. The test to be applied for a motion for reconsideration is:

" * * * whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, 516.

Appellee has met the standard in this case and for the reasons which follow, we grant the motion for reconsideration.

This court's original ruling held that the pretrial motions which were filed in this case were encompassed by Crim.R. 12(H), which states:

"The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."

Appellee contends in its motion for reconsideration that a motion *in limine* is not encompassed by Crim.R. 12(H). Appellee further contends that while some motions filed by the trial court were labeled motions to suppress, in actuality, those motions were all motions *in limine.* We agree. A careful review of all motions filed by appellant in the lower court and supporting memoranda filed with those motions shows that at no time did appellant challenge the tape recording of a telephone conversation between appellant's husband and a police informant on the grounds that the recording was improperly obtained. As appellee correctly points out, a motion to suppress challenges the use of evidence before trial on the basis that the evidence was illegally obtained in violation of a constitutional right. In contrast, a motion *in limine* challenges the admissibility of evidence on such grounds as the evidence is irrelevant or is more prejudicial than probative. Appellant, Catherine Sue Gabel, consistently argued in the motions presented to the trial court that the tape-recorded telephone conversation of appellant's husband

and a police informant, which appellee sought to introduce at trial for the purpose of establishing a conspiracy involving appellant, was inadmissible because it was hearsay and because Evid.R. 601(B) renders one spouse incompetent to testify against the other spouse unless the other spouse is charged with crimes against the testifying spouse or the children of either spouse. Thus, all of the motions filed by appellant in the lower court were in essence motions *in limine*, regardless of the occasional use of the label "motion to suppress."

Appellee, in its motion to reconsider, urges this court to find that a motion *in limine* is not a pretrial motion encompassed by Crim.R. 12(H). Our review of Crim.R. 12 and of existing Ohio case law compels us to agree with appellee. Crim.R. 12(B) defines a pretrial motion as:

"Any defense, objection, or request which is capable of determination without the trial of the general issue * * *."

Ohio courts have consistently held that a motion *in limine* does not fit the definition set forth in Crim.R. 12(B). The characteristic of a motion *in limine* which prohibits it from fitting the requirements of Crim.R. 12(B) is that a ruling on a motion *in limine* is a " * * * prospective ruling in advance of the introduction of trial evidence." *State v. Spahr* (1976), 47 Ohio App.2d 221, 223, 1 O.O.3d 289, 291, 353 N.E.2d 624, 626. As the Ohio courts have noted:

"Such a ruling lies within the discretion of the court in the conduct of the trial. The discretion to affirm or reverse its own evidential ruling remains with the judge until the conclusion of the trial. The materiality of testimony often depends upon a proper foundation or other circumstances which determine its admissibility. An evidential ruling, prospective or otherwise, is never final until the trial is completed and every avenue of admission has been explored and denied." *Id.* at 223, 1 O.O.3d at 291, 353 N.E.2d at 626.

Accordingly, " * * * a no contest plea does not preserve for appeal a court's ruling on a pretrial motion which requests an advance ruling on the materiality and relevancy of evidence, because such a question is not a ' * * * defense, objection, or request which is capable of determination without the trial of the general issue * * *.' " *Columbus v. Sullivan* (1982), 4 Ohio App.3d 7, 9, 4 OBR 27, 29, 446 N.E.2d 485, 488, quoting Crim.R. 12(B). Two recent decisions of the Supreme Court of Ohio have created narrow exceptions to this general rule, but do not have any impact on this case because they are distinguishable. See *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32 (no contest plea preserves challenge to breathalyzer because adverse ruling eliminates any dispute to be settled at trial); *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 573 N.E.2d 22 (state can immediately appeal adverse evidentiary ruling during

trial because state has no right to appeal at the close of a case if a defendant prevails).

Several Ohio appellate courts, considering cases involving no contest pleas entered on the basis of a plea bargain agreement which was premised on the belief by both parties that the question raised in the pretrial motion would be preserved for appeal after a no contest plea was entered, have remanded the cases to afford appellants an opportunity to withdraw their no contest pleas and proceed to trial. Appellant here has made statements in her reply brief filed in the original appeal to this court that a plea bargain agreement was made in this case to allow her to challenge the ruling on the motion *in limine* on appeal following appellant's entry of a no contest plea. However, our careful review of the record shows that the record is devoid of any substantiation of appellant's claims. Nothing in the record sets forth the terms of the plea agreement which was reached by the parties and accepted by the lower court. Under App.R. 9(B), an appellant has the responsibility to order all " * * * parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." Several provisions are made in App.R. 9 to allow a party to include in the record evidence of proceedings which occurred even if the proceedings were not recorded or transcribed. Appellant failed to avail herself of any of these provisions and did not include in the record proof of the terms of the plea agreement. Therefore, the exception recognized by other Ohio appellate courts does not apply in this case.

■ Appellee's motion for reconsideration is well taken and is granted. The entry of a no contest plea following a ruling on a motion *in limine* does not preserve the issue for appeal. Appellant's assignment of error is not well taken. The judgment of the Sandusky County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and MELVIN L. RESNICK, JJ., concur.