OWENS–CORNING FIBERGLAS CORPORATION

v.

AMERICAN CENTENNIAL INSURANCE COMPANY et al.*

Court of Common Pleas of Ohio,
Lucas County.

No. CI90–2521.

Decided July 17, 1995.

---

* Reporter's Note: This cause has been settled by the parties.

*Connelly, Soutar & Jackson, William M. Connelly* and *Steven Smith; Covington & Burling, Mitchell F. Dolin, Jackson Sharman* and *Eric Lasker; Davis & Young Co., L.P.A.,* and *Martin J. Murphy,* for Owens–Corning Fiberglas Corporation.

*Shumaker, Loop & Kendrick, Peter Silverman* and *William Heywood; Chadbourne & Park, Peter Hillman* and *Debra Petalkis,* for American Centennial Insurance Company.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, Thomas Slavin* and *Thomas Auth; Mayer, Brown & Platt* and *Michael Gill; Joseph Walsh,* for Protective National Insurance Company.

*Weston, Hurd, Fallon, Paisley & Howley* and *Warren Rosman; Harrington, Foxy, Dubrow & Canter, Mark Flory* and *Melissa Harnett,* for Associated International Insurance Company.

RICHARD W. KNEPPER, Judge.

This matter is before the court on the motions *in limine* filed by the defendants, American Centennial Insurance Company ("ACIC"), Protective National Insurance Company ("PNIC"), and Associated International Insurance Company ("Associated"). Upon due consideration of the pleadings, memoranda of counsel, applicable evidence and law, the court grants in part and denies in part the defendants' motions.

*I*

The defendants move for exclusion from trial of five separate categories of evidence. ACIC and PNIC move separately to exclude evidence regarding insurance coverage provided by them to other asbestos manufacturers. ACIC and PNIC jointly move for exclusion of evidence of reinsurance for both Owens–Corning Fiberglas Corporation's ("OCF's") policies and other insureds' policies. All defendants seek to exclude all reference to and testimony relating to (i) all news articles that appeared after the last relevant policy was issued; (ii) all news articles that address the claims against other asbestos manufacturers, but not OCF; and (iii) all news articles discussing the claims, status, or resolution of insurance claims litigation among other asbestos manufacturers, unless and until OCF has demonstrated the admissibility of these documents. All the defendants seek exclusion of evidence of certain asbestos dust studies conducted by Union

Carbide Chemicals Company, Dow Chemical Company, DuPont Company, and Bath Iron Works Corporation. Finally, all defendants move to exclude certain portions of Dr. Selikoff's studies regarding the historical development of the knowledge of asbestos-related disease.

## II

■ A motion *in limine* is designed "to avoid the injection into a trial of a potentially prejudicial matter which is not relevant and is inadmissible." *Rinehart v. Toledo Blade Co.* (1985), 21 Ohio App.3d 274, 278, 21 OBR 345, 349, 487 N.E.2d 920, 924. In *Riverside Methodist Hosp. Assn. v. Guthrie* (1982), 3 Ohio App.3d 308, 310, 3 OBR 355, 358, 444 N.E.2d 1358, 1361, the court of appeals set forth the required two-step procedure:

"First, a consideration of the motion *in limine* as to whether any reference to the area in question should be precluded until admissibility can be ascertained during trial. Second, at the time when the party desires to introduce the evidence which is the subject of the motion *in limine*, there must be a second hearing or determination by the trial court as to the admissibility of the evidence, which is then determined by the circumstances and evidence adduced in the trial and the issues raised by the evidence."

■ A motion *in limine* is, therefore, a precautionary request, directed to the inherent discretion of the trial judge. *State v. Spahr* (1976), 47 Ohio App.2d 221, 1 O.O.3d 289, 353 N.E.2d 624.

"The sustaining of a motion in limine does not determine the admissibility of the evidence to which it is directed. Rather it is only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case whether the evidence would be admissible." Palmer, Ohio Rules of Evidence Rules Manual (1984), at 446, cited with approval in *State v. Grubb* (1986), 28 Ohio St.3d 199, 201, 28 OBR 285, 288, 503 N.E.2d 142, 145.

The inherent power of a court to control its proceedings is granted to it by Evid.R. 103(A) and 611(A). The use of the motion *in limine* serves the interest of judicial economy as well as those interests of counsel and the parties because it aids in reducing the possibility of the injection of error or prejudice into the proceedings. *Grubb, supra.*

## III

A. Evidence Relating to Insurance Coverage Issued by ACIC and PNIC to Any Member of the Asbestos Industry Other than OCF

■ ACIC and PNIC move to exclude evidence relating to insurance that they provided to other asbestos manufacturers and/or distributors, such as Johns–

Manville and Raymark. These defendants argue that the evidence is not relevant to the issue of whether OCF expected or intended the injuries from asbestos or whether OCF defrauded these defendants. OCF, on the other hand, argues that the evidence is relevant to show what information these defendants deemed material in their decision to underwrite OCF's asbestos liabilities.

OCF asserts that this evidence will show that any alleged information not disclosed by OCF to these defendants was not material to ACIC's and PNIC's decision to provide insurance coverage to OCF. The evidence would, arguably, indicate ACIC's and PNIC's willingness to provide insurance to much larger players than OCF in the asbestos industry, at much lower layers of coverage. OCF argues that this evidence indicates these defendants knew of the asbestos situation through their coverage of these other asbestos manufacturers and/or distributors and that any other information allegedly excluded by OCF would not have changed these defendants' decisions to underwrite OCF's asbestos liabilities.

This court finds that any relevance provided by this evidence is outweighed by the confusion that would be caused by the introduction of such evidence at trial. In order to provide an accurate account of what factors the defendants deemed material to their decisions to provide insurance to these other insureds, evidence regarding the policies themselves, the premiums paid, the amount of layering of coverage, underwriting information provided by each insured and considered by the defendants, definitions of the risks insured, and the nature and details of the claims paid by the other insureds would have to be presented at trial. Admission of this evidence would unleash a whole host of unrelated issues into this trial, causing confusion and undue delay.

This court, therefore, grants ACIC's and PNIC's motion regarding the exclusion of information concerning insurance coverage of other members of the asbestos industry. In the event, however, that the defendants suggest an underwriting practice employed by them when deciding to underwrite OCF that conflicts with their underwriting considerations regarding these other insureds, then the court may allow OCF to offer this evidence to rebut the defendants' testimony regarding their underwriting practices.

B. Evidence Regarding Evidence of Reinsurance

■ ACIC and PNIC move to preclude OCF from introducing any evidence of reinsurance for coverage issued to OCF or any other member of the asbestos industry. These defendants argue that the information is irrelevant because reinsurance is simply a risk-spreading mechanism employed by insurance companies in the regular course of their business. OCF, however, asserts that information regarding reinsurance is relevant to determine whether the alleged misrepresentations made by OCF were material to the risk assumed by the

insurers and whether the insurers justifiably relied on the materials provided by OCF in light of all the information available to them.

This court finds that the evidence regarding the defendants' reinsurance of OCF's policies is relevant to the issue of what the defendants knew at the time they agreed to underwrite OCF for its asbestos liabilities. An implication regarding the defendants' expectations can be drawn from the fact that the defendants reinsured OCF's policies. Evidence of reinsurance indicates that the defendants appreciated the likelihood of being called upon to provide asbestos coverage to OCF and, therefore, sought to dissipate their losses. Taken a step further, if the defendants appreciated the likelihood of having to provide coverage, then, perhaps, OCF did not defraud these defendants. Accordingly, ACIC and PNIC's motion regarding information of reinsurance of OCF's policies is denied.

■ The court, however, grants ACIC and PNIC's motion regarding information of reinsurance of other insureds' policies. As the court has already excluded information regarding other insureds' policies, it would be incongruous to allow evidence of reinsurance relating to these other insureds. The court finds the information would be irrelevant to the question of whether OCF defrauded these defendants. The evidence regarding reinsurance of other insureds is denied, unless, during the course of the trial, the court determines by the circumstances and evidence adduced in the trial that the evidence is admissible.

C. News Articles

■ All defendants seek to exclude all reference to and testimony relating to (i) all news articles that appeared after the last relevant policy was issued; (ii) all news articles that address the claims against other asbestos manufacturers, but not OCF; and (iii) all news articles discussing the claims, status, or resolution of insurance claims litigation among other asbestos manufacturers, unless and until OCF has demonstrated the admissibility of these documents. The court, however, denies the defendants' motion in this regard.

The court finds that the articles are relevant to indicate what information was available and commonly known in the insurance trade. This is probative of the issue of whether the defendants justifiably relied on the information provided by OCF. This goes directly to defendants' allegations of fraud and concealment. The court finds that the defendants would not be unfairly prejudiced by inclusion of the articles.

Furthermore, the court finds that the last insurance policy was not signed until January 1984, whereas the last article appeared in December 1983. Additionally, the court finds that it is immaterial that OCF's name was not specifically

mentioned in all the articles. The importance of the articles is to indicate what information concerning asbestos and asbestos litigation was open to general observation by these defendants. Evidence regarding the claims, status, or resolution of insurance claims litigation among other asbestos manufacturers is relevant for the same reason.

The defendants' motion regarding news articles published between 1978–1983 is denied.

### D. Evidence of Certain Asbestos Dust Studies

■ The defendants move to exclude evidence of, or relating to, certain asbestos dust studies performed by Union Carbide Chemicals Company, Dow Chemical Company, DuPont Company, and Bath Iron Works Corporation, on the ground that these studies are hearsay, to which no hearsay exceptions apply.

This court, however, finds that these studies are not hearsay, as they were not offered to prove the truth of the matter asserted. Evid.R. 801(C). OCF does not seek to offer these studies to prove that asbestos was not dangerous; rather, evidence regarding OCF"s receipt and consideration of the studies goes directly to OCF"s state of mind while it was manufacturing asbestos. It is well established that an out-of-court statement is not hearsay when admitted to show state of mind. *State v. Maurer* (1984), 15 Ohio St.3d 239, 262–263, 15 OBR 379, 398–399, 473 N.E.2d 768, 789–791. Accordingly, defendants' motion regarding various asbestos dust studies is denied.

### E. Dr. Selikoff's Studies

■ All defendants move to exclude certain portions of Dr. Selikoff's studies regarding the historical development of the knowledge of asbestos-related disease. Dr. Selikoff's studies are relevant and are not hearsay, as they are offered to show OCF"s state of mind. See *Maurer, supra.* And, in any event, Dr. Selikoff's publications fall within the ancient documents exception to the hearsay rule. Evid.R. 803(16). Accordingly, defendants' motion regarding Dr. Selikoff's studies and findings is denied.

### JOURNAL ENTRY

It is ORDERED that American Centennial Insurance Company's motion *in limine* regarding exclusion of evidence relating to insurance coverage provided by it to other asbestos manufacturers is GRANTED.

It is further ORDERED that Protective National Insurance Company's motion *in limine* regarding exclusion of evidence relating to insurance coverage provided by it to other asbestos manufacturers is GRANTED.

It is further ORDERED that American Centennial Insurance Company and Protective National Insurance Company's motion *in limine* seeking exclusion of evidence of reinsurance for both OCF's policies and other insureds' policies is GRANTED in part and DENIED in part.

It is further ORDERED that American Centennial Insurance Company, Protective National Insurance Company, and Associated International Insurance Company's motion *in limine* seeking to exclude all reference to and testimony relating to (i) all news articles that appeared after the last relevant policy was issued; (ii) all news articles that address the claims against other asbestos manufacturers, but not OCF; and (iii) all news articles discussing the claims, status, or resolution of insurance claims litigation among other asbestos manufacturers, unless and until OCF has demonstrated the admissibility of these documents, is DENIED.

It is further ORDERED that American Centennial Insurance Company, Protective National Insurance Company, and Associated International Insurance Company's motion *in limine* seeking exclusion of evidence of certain asbestos dust studies conducted by Union Carbide Chemicals Company, Dow Chemical Company, DuPont Company, and Bath Iron Works Corporation, is DENIED.

It is further ORDERED that American Centennial Insurance Company, Protective National Insurance Company, and Associated International Insurance Company's motion *in limine* to exclude certain portions of Dr. Selikoff's studies regarding the historical development of the knowledge of asbestos-related disease is DENIED.

*Judgment accordingly.*