OPINION
On April 2, 1996, defendant-appellant, Randall G. Croley, was charged with one count of making a false alarm in violation of R.C. 2917.32(A)(3). Appellant entered a not guilty plea to the charge and was released on bond.
On June 17, 1996, appellant was arrested and charged with two counts of felony theft. Appellant entered not guilty pleas to both theft charges and a preliminary hearing was set for June 26, 1996.
Appellant appeared at the June 26, 1996 preliminary hearing without counsel and negotiated a plea bargain under which the state agreed to reduce each of the theft charges to first degree misdemeanors in exchange for no contest pleas by appellant to all three offenses. The trial court then addressed appellant personally in accordance with the procedures specified by Crim.R. 11(D). The trial court convicted appellant of all three charges and sentenced appellant to three consecutive six-month terms of imprisonment. Appellant now appeals setting forth the following assignment of error:
 THE DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO COUNSEL AND TO DUE PROCESS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSES [sic] THEREOF BY THE TRIAL COURT'S ACCEPTANCE OF HIS WAIVER OF THE RIGHT TO COUNSEL AND PLEAS OF NO CONTEST WHILE UNREPRESENTED BY COUNSEL IN A PROSECUTION INVOLVING BOTH FELONY AND MISDEMEANOR CHARGES.
Appellant contends that the trial court erred in accepting his no contest pleas. Crim.R. 11(D) governs the procedure a trial court must adhere to when accepting no contest pleas to serious misdemeanor offenses and provides as follows:
 In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.
Our review of the record indicates that the trial court addressed appellant personally at the June 26, 1996 hearing and explained to appellant the effect of his no contest pleas and that he was entitled to be represented by counsel. The trial court then engaged appellant in a brief colloquy during which appellant demonstrated that his no contest pleas were indeed voluntary and that he wished to waive his right to counsel. Accordingly, we find that the trial court complied with the requirements of Crim.R. 11(D) in all respects.
Appellant nevertheless argues that the trial court should have advised him that he was ineligible for probation under R.C.2929.01 and 2951.02 because of his extensive record of prior criminal convictions. We disagree. A record of prior convictions does not automatically disqualify an offender for probation under R.C. 2929.01 and 2951.02. State v. Wood (1976), 48 Ohio App.2d 339,346-47. The trial court was therefore not required to advise appellant that he was ineligible for probation before accepting his no contest pleas because any such statement would have been a blatant mischaracterization of Ohio law.
Appellant also contends that the trial court erred in failing to advise him of his essential rights at his initial appearance on each of the three charges as required by Crim.R. 5(A). Again, we must disagree. A plea of no contest waives the defendant's right to raise any error or procedural irregularity on appeal other than an error by the trial court in ruling on certain pretrial motions. Crim.R. 12(H); State v. Gabel (1991), 75 Ohio App.3d 675,677-78; State v. Paras (Feb. 1, 1988), Guernsey App. No. 87-CA-25, unreported. The record in this case indicates that appellant entered no contest pleas to all three charges and thereby waived his right to raise on appeal the trial court's apparent failure to engage in the colloquy required by Crim.R. 5(A) since such any such error does not involve an improper ruling on a pretrial motion. Therefore, appellant's sole assignment of error is overruled. The judgment of the trial court is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.