[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant guilty of involuntary manslaughter with a firearm specification and felonious assault with a firearm specification. For the following reasons, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"First Assignment of Error
 "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE STATE'S MOTION IN LIMINE AND PREVENTING APPELLANT FROM ADDUCING EVIDENCE REGARDING THE PRESENCE OF ROCKS OF CRACK COCAINE IN JAVELLE FLETCHER'S ANAL CAVITY. R. 10; TR 3-8, 957-958.
"Second Assignment of Error
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT PERMISSION TO INQUIRE ABOUT THE PRESENCE OF OFFICERS FROM THE GANG TASK FORCE DURING THE INVESTIGATION OF THE OFFENSE. TR 871-872.
"Third Assignment of Error
 "APPELLANT'S RIGHTS WERE VIOLATED WHEN HE WAS CONVICTED OF A FELONIOUS ASSAULT WHICH THE UNDISPUTED EVIDENCE INDICATES HE CANNOT HAVE COMMITTED."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On November 20, 1995, appellant was indicted on one count of murder in violation of R.C. 2903.02, one count of felonious assault in violation of R.C. 2903.11(A)(2), and one count of having a weapon under a disability in violation of R.C. 2923.13. The indictment also contained two firearm specifications pursuant to R.C. 2929.71 and 2941.141. The charges against appellant came as a result of a shooting which occurred outside Edziu's Lounge in Toledo on the night of November 5, 1995, which left one man dead and one man wounded. On March 11, 1996, the case came to trial before a jury and on March 15, 1996, the jury returned verdicts of guilty on the lesser included offense of involuntary manslaughter and on the offense of felonious assault.[1] The jury also found appellant guilty of the firearm specifications.
Appellant addresses his first two assignments of error together. Appellant first asserts that the trial court erred by granting a motion in limine in which the state asked the court to prohibit the defense from "making any reference to the fact that crack cocaine was found in a cavity of the deceased." Appellant's second argument arises from a defense request during trial for permission to inquire further after a witness stated that the Lucas County Sheriff's Department gang task force was involved in the investigation of the shooting. The trial court refused the request and instructed the jury to disregard the reference to the gang task force. Appellant asserts that evidence of the crack cocaine found in the victim's anal cavity and of the presence of the gang task force were relevant because the information could bolster several defense theories of the case.
This court does not directly review the rulings on motions in limine. A pretrial ruling on such a motion is a preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial. State v. Grubb (1986),28 Ohio St.3d 199, 201, 202; McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160. The power to grant a motion in limine lies within the inherent discretion of the trial court to control its proceedings. Grubb, supra at 201, citing State v. Spahr (1976),47 Ohio App.2d 221, 224. Further, Ohio courts have consistently held that an appellate court need not review the propriety of an order granting a motion in limine unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial. State v. Leslie (1984), 14 Ohio App.3d 343,344.
This court has thoroughly reviewed the record of proceedings in the trial court and finds that defense counsel did not properly preserve the issue of the trial court's ruling on the motion in limine by seeking the admission of the testimony by proffer or otherwise in order to enable the court to make a final determination as to its admissibility. Accordingly, appellant's first assignment of error is not well-taken.
As to appellant's argument in support of his second assignment of error that the trial court erred by denying him permission to inquire into the issue of the gang task force, this court finds that such a ruling was within the trial court's discretion.
"An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty
(1989), 45 Ohio St.3d 104. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Jenkins (1984), 15 Ohio St.3d 164; Statev. Adams (1980), 62 Ohio St.2d 151. Upon consideration of the record in this case, this court finds that the trial court's ruling excluding testimony as to the gang task force was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the evidence did not support a verdict of guilty on the charge of felonious assault. Appellant argues that three witnesses testified that he never crossed to the side of the street where both victims fell. Appellant further argues that based on the testimony of the three witnesses he could not have shot Darrell Allen because hospital emergency room records contain a statement that Allen's wound was surrounded by soot, which indicates that he was shot from a distance of no more than two feet. Appellee responds that the statement in Allen's hospital records about soot around the wound was made by an unidentified person and not by a qualified expert, and that the victim himself identified appellant as his assailant and stated that appellant had shot him from across the street.
This court has previously applied the State v. Jenks
(1991), 61 Ohio St.3d 259 standard of review to claims relating to both the sufficiency of evidence and manifest weight of the evidence. However, the Supreme Court of Ohio has ruled that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of a crime.Id. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine
 "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Since appellant's assignment of error encompasses a sufficiency of the evidence argument, we will apply that standard.
R.C. 2903.11, felonious assault, provides:
"(A)No person shall knowingly:
"* * *
 "(2)Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code. * * *"
At trial, the state presented the testimony of several eyewitnesses to the shooting, including victim Darryll Allen, all of whom identified appellant as the shooter. Allen testified that he was standing outside Edziu's when he saw appellant cock a gun and begin firing into the crowd. Allen stated that he was able to see appellant's face. He testified that appellant ran toward him several steps and then ran off toward the crowd. Witness Brad Easter testified that he saw appellant get out of a car across the street from Edziu's, cock his gun and start shooting. Easter stated that he looked appellant in the eye and then ran. Terris Foster, who also was standing outside Edziu's, testified that he heard gunshots and saw appellant across the street shooting toward the crowd.
Upon thorough consideration of the law and the evidence presented at trial, this court finds that sufficient evidence was presented from which, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of felonious assault proven beyond a reasonable doubt. Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] Prior to trial, appellant entered a plea of no contest to the charge of having a weapon under a disability.