[Cite as *State v. House*, 2014-Ohio-138.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25457 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-667 |
| v. | : | |
| | : | |
| JAMES W. HOUSE, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of January, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ROBERT A. BRENNER, Atty. Reg. #0067714, Post Office Box 341021, Beavercreek, Ohio 45434-1021
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}     James House appeals from his conviction and sentence following a no-contest plea to multiple charges, including murder, felonious assault, having a weapon under disability,

and firearm specifications.

{¶ 2}    In his sole assignment of error, House claims the trial court erred in pretrial rulings that precluded him from presenting evidence to support a plea of not guilty by reason of insanity (NGRI).

{¶ 3}    The record reflects that House sought to pursue his NGRI defense on the basis that post-traumatic stress disorder (PTSD) prevented him from knowing the wrongfulness of his actions. After being charged, he underwent competency and sanity evaluations. One evaluation resulted in a finding that he was competent to stand trial and that he was sane at the time of the crimes. A second evaluation resulted in a finding that he was sane when he committed the crimes and that PTSD did not affect his behavior.

{¶ 4}    The State filed a motion in limine to preclude House from presenting any evidence about suffering from PTSD. (Doc. #33). The trial court sustained the motion. (Doc. #36). Thereafter, the parties discussed the NGRI issue and PTSD again during an October 1, 2012 pretrial conference. Following considerable debate, the trial court again ruled that no evidence about PTSD would be allowed at trial. It also precluded House from pursuing his NGRI defense, reasoning that such a defense required supporting expert testimony, which did not exist. (Tr. Vol. I at 5-26). After the trial court's rulings, House waived his right to a jury trial. A bench trial then commenced. On the morning of the second day of trial, House expressed a desire to enter a no-contest plea to all charges. (Tr. Vol. II at 149).   The trial court accepted the plea and sentenced him accordingly. This appeal followed.

{¶ 5}    House's assignment of error asserts that "[t]he trial court erred when it ruled that [he] could not present evidence to support his plea of NGRI due to his PTSD at his trial." As noted above, the trial court precluded such evidence when ruling on a motion in limine and

reiterated its ruling during a pretrial conference.

**{¶ 6}** Having reviewed the record, we conclude that House's no-contest plea waived his ability to challenge the trial court's evidentiary rulings. *State v. Howell*, 2d Dist. Montgomery No. 19708, 2004-Ohio-2423, ¶ 24 ("Upon review, we find persuasive the State's argument that Howell's no-contest plea waived his ability to appeal the trial court's mid-trial evidentiary ruling[.]"); *State v. Benson*, 6th Dist. Wood No. 90WD102, 1992 WL 66563, *4 (March 31, 1992) ("[W]e find no authority that permits a defendant to appeal an evidentiary ruling made in a trial that was prematurely terminated by a no contest plea."). The rationale for this concept is that "[t]o allow a defendant to plead no contest immediately following an adverse evidentiary ruling and then appeal that ruling, would be to permit a defendant to interrupt his trial at any time to pass questions as to the admissibility of evidence on to the court of appeals in the hope of prevailing and having the opportunity to start his trial over again." *Id.* As this court recognized in *State v. Spahr*, 47 Ohio App.2d 221, 223, 353 N.E.2d 624 (2d Dist. 1976), "[a]n evidential ruling, prospective or otherwise, is never final until the trial is completed [.]" Therefore, House's mid-trial no-contest plea precludes a challenge to the trial court's evidentiary rulings.

**{¶ 7}** In any event, we would find no error in the trial court's ruling even if House had preserved the evidentiary issues for appeal. Prior to trial, House obtained an expert opinion from a psychologist who concluded that he suffered from PTSD but that the disorder had no impact on his actions at the time of his crimes. (Tr. Vol. I at 11-12). Despite that opinion, House sought to pursue his NGRI defense based on lay-witness testimony regarding his PTSD. (*Id.* at 10-12, 16-18). The trial court ruled that no evidence of PTSD would be allowed and that establishing an NGRI defense required expert testimony. (*Id.* at 5-26).

{¶ 8} On appeal, House contends the trial court's ruling is contrary to *State v. Reynolds*, 49 Ohio App.3d 27, 550 N.E.2d 490 (2d Dist.1988). In *Reynolds*, this court held that lay testimony could support an NGRI defense, even in the face of conflicting expert testimony, where the lay witness "testified out of her own personal knowledge that [the defendant] had been off [of anti-psychotic] medication for three days prior to the commission of the offense, and that he becomes wildly and aggressively irrational when he is off his medication." *Id.* at 32.

{¶ 9} Upon review, we find *Reynolds* distinguishable. Unlike the lay witness in *Reynolds*, House's proposed lay witnesses, two out-of-state relatives, could not establish that he was legally insane by linking his longstanding PTSD to his current offenses. Prior to trial, defense counsel conceded that the lay witnesses could not testify about House's actions or mental state at the time of his crimes because they did not see him then. (Tr. Vol. I at 24-25). A subsequent proffer by defense counsel did not identify any lay witness who could establish that PTSD caused House to act as he did at the time of his crimes. (*Id.* at 36-42). Therefore, even if House had PTSD, his proposed witnesses could not have established that he met the legal requirements of an insanity defense. Under these circumstances, we would find no merit in House's assignment of error even if the trial court's evidentiary rulings had been preserved for appeal.

{¶ 10} For the foregoing reasons, we overrule House's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .


FAIN, J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Robert A. Brenner
Hon. Gregory F. Singer